ROBERT HUME v. W. J. RANKIN & WARNER ET AL.

## J. C. SAYERS ET AL v. SAME.

Fraudulent Conveyance—Preference of Creditors—Subrogation—Innocent Purchaser—Purchaser with Notice.

> One who purchases property of an insolvent debtor, whose precarious condition was known to him at the time, will be deemed to hold the property in trust for the creditors generally. The payment of part of the purchase money, on the order of the debtor, to a third party, will only give the purchaser a right to be substituted therefor but he cannot claim a lien for such an amount so paid, over the creditors.

APPEAL FROM GRANT CIRCUIT COURT.

May 29, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

George W. Nichols being involved in debts amounting to over $60,000, which exceeded the value of all his estate or visible means of paying his debts more than $40,000, on the 31st day of December, 1866, sold and conveyed to the appellant, Robert Hume, his farm in Grant county containing about 192 acres of land for the sum of $12,000, which was, by the contract, to be applied and paid by Hume, first, to the satisfaction of a balance Nichols owed him upon accounts of $1,500 and to reimburse himself in the sum of $5,000, which he had advanced for Nichols on the price of tobacco held by him on speculation, thus making Hume's own debt to be retained $6,500, and the residue of $5,500 on debts of Nichols on his acceptance of bills in banks of which $5,000 was paid by Hume in satisfaction of a bill discounted at the First National Bank in Coveington payable at the Merchants National Bank of Cincinnati, dated the 16th of November, 1866, and to be due at 90 days, drawn by S. C. Sayers, payable to and endorsed by J. C. Sayers, and accepted by Nichols, and the balance of $500 Hume agreed to pay on a bank debt on which other parties were bound as sureties.

It appears also that about the same time Nichols gave an order to said J. C. Sayers, on his commission merchant in Cincinnati, for the balance of the proceeds of his pork in the merchant's hands to partially indemnify said J. C. and S. C. Sayers as his sureties in a debt in the Farmers Bank, of $3,500, and that upon this order Sayers received $1,155.21-100 which he paid on the debt in bank.

In these consolidated suits, said sale and conveyances to Hume, and the order to Sayers for the proceeds of pork, as well as certain other dispositions made by Nichols of his property, were alleged by Rankin & Warner and others to have been made by Nichols in contemplation of insolvency, and with the design to prefer the appellants and others in their debts and liabilities for Nichols, as his sureties to the exclusion of his other creditors (Revised Statutes, 553), and the court below having so decided, and adjudged

that a distribution should be made of the estate of Nichols, among his creditors, as directed by the statute in such cases, said Hume and J. C. and S. C. Sayers have appealed to this court.

That Nichols was fully aware of his insolvency at the date of said transaction is admitted in his answer, and proved by him in his deposition, and from his own testimony, and the other evidence conducing to explain his intentions and objects in making the dispositions of his property, which necessarily gave to the appellants an advantage over his other creditors, the judicial conclusion is, we think, irresistable, that they were made, as alleged, with the design to prefer the parties so to be benefitted thereby to the exclusion of the other creditors of Nichols.

But it is contended for the appellant, Hume, that he occupies the position of a *bona fide* purchaser, for a valuable consideration, paid without notice of the insolvency of Nichols, and should therefore be protected in his purchase, or have a lien on the land for his payments in excess of his own debts against Nichols, although the latter may himself have designed, by the sale and conveyance, to prefer him to the exclusion of other creditors. But without deciding what might be the effect of Hume's payments under his purchase, if the same were made without any knowledge, either of the insolvency of Nichols, or his intention thereby to is, we think, irresistable, that they were made, as alleged, with circumstances disclosed in this record, to conclude, that Hume did not act in ignorance of Nichols' pecuniary condition, nor without participation in the design which prompted him to sell the land.

Although Hume did not reside in Grant county, he appears to have possessed peculiar advantages of knowing Nichols condition, and was largely interested in being so informed. That intimate business and personal relations existed between them, is manifest. Hume did know by his connection with the Farmers Bank that Nichols was very largely indebted to that institution, his relations exclude his other creditors, we are constrained by the facts and on speculation, must in their very nature have apprised Hume of the heavy losses and consequent embarrassments of Nichols, resulting from that unfortunate adventure; and while it had been known in Covington and in Grant county for twelve months that Nichols' pork speculations were proving so disastrous, as in some degree to impair his credit and ability to renew his debts in banks, and he was being dunned and sued for his debts without the ability

to pay with promptness as he had previously done, it is difficult to perceive how a careful business man, as Hume is shown to be, residing in Covington, where Nichols was well known, could under all the circumstances have been in ignorance of his condition, and the reasons which appear to have influenced him in disposing of his property; and in our opinion Hume was so advised, and made the purchase because the sale to him operated to prefer him, as to the payment of his debt, to the exclusion of the debtor's other creditors.

It is further insisted for the appellants that the judgment is erroneous in not adjudging that they were entitled by substitution to the right of the banks, as against the estate of Nichols, but although it seems that they are entitled to be so substituted, we do not construe the judgment as denying them that right in the distribution of the estate of Nichols yet to be made.

Wherefore, the judgment is affirmed.

*Fisks,* for appellants.

*Carlisle & O'Hara, Rankin,* for appellees.